UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRED W.[1] | : | Case No. 2:22-cv-2026 |
| | : | |
| Plaintiff, | : | District Judge Edmund A. Sargus |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMSSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Fred W. brings this case challenging the Social Security Administration's denial of his applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #8).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on February 11, 2015, alleging disability beginning April 11, 2013, due to back issues, "scoliosis definition" and bipolar disorder. (Doc. #8-6, *PageID* #491). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received several hearings before Administrative Law Judge (ALJ) Timothy G. Keller. ALJ Keller concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (Doc. #8-8, *PageID* #s 739-48). After the Appeals Council denied review, Plaintiff filed a previous case in the United States District Court for the Southern District of Ohio. Upon the parties' Joint Motion to Remand, the Court remanded the case to the Commissioner. *Fred W. v. Comm'r of Soc. Sec.*, No. 2:20-cv-814, Doc. #17 (S.D. Ohio Sept. 1, 2020); s*ee* Doc. #8-9, *PageID* #s 762-763. Upon remand, ALJ Melody Paige held two hearings via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] She reached the following main conclusions:

> Step 1: Plaintiff has not engaged in substantial gainful activity since April 11, 2013, his alleged disability onset date.
>
> Step 2: He has the following severe impairments: degenerative lumbar disc disease, minimal L3-L4 and L4-L5 disc bulging and mild degenerative facet, and degenerative cervical disc disease.
>
> Step 3: Based on the objective medical evidence, Plaintiff does not have an impairment or combination of impairments that meets or medically equals

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

|  |  |
|---|---|
|  | the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "light work … except: able to perform light work being able to lift, carry, push or pull up to 25 pounds occasionally and fifteen pounds frequently; able to stand and/or walk for a total of six hours in an eight-hour workday combined; able to sit six hours out of an eight-hour workday, with normal breaks; able to occasionally climb ramps and/or stairs, frequently balance, occasionally kneel, stoop, crouch, crawl; could never climb scaffolds, or ropes, occasionally climb ladders; no manipulative limitations regarding use of the upper extremities bilaterally for fine and gross manipulation, feeling or fingering including reaching in all directions including overhead and feeling or use of the lower extremities, feet for operation of foot pedals and controls; should avoid all exposure hazards such as machinery or heights; and should avoid all exposure to heavy vibrations such as jack hammers." |
|  | He is unable to perform any past relevant work. |
| Step 5: | He can perform a significant number of jobs that exist in the national economy. |

(Doc. #8-8, *PageID* #s 652-68). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since April 11, 2013. *Id.* at 668.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8-8, *PageID* #s 652-68), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r*

3

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.    Discussion**

Plaintiff asserts that the ALJ failed to properly consider his mental health impairments. (Doc. #9, *PageID* #1170-75). Plaintiff also argues that the ALJ erred in evaluating the medical opinions from his treating physician. *Id.* at 1176-80. In contrast, the Commissioner maintains that substantial evidence supported the denial of disability benefits. (Doc. #11, *PageID* #s 1196-1206).

**A.    Step-Two**

Plaintiff asserts that the ALJ erred by classifying his mental impairments as non-severe. (Doc. #9, *PageID* #1170). He argues that, in concluding that he had no severe mental impairments,

the ALJ improperly evaluated the opinions of the consulting psychologist and the state agency psychological consultants, all of whom found that Plaintiff had severe mental impairments. *Id.* at 1170-72. Specifically, Plaintiff contends that the ALJ incorrectly discredited those opinions because of the lack of corroboration of objective medical evidence and lack of mental health treatment. *Id.* at 1172-73.

At Step Two of the five-step sequential evaluation process, the ALJ determines whether a claimant's impairments are severe and whether they meet the twelve-month durational requirement. 20 C.F.R. § 404.1520(a). A "severe impairment" is defined as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Plaintiff's burden of establishing a "severe" impairment at Step Two of the disability determination process is construed as a "*de minimis* hurdle." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.*

Nevertheless, an ALJ's failure to find additional severe impairments at Step Two "[does] not constitute reversible error," where the ALJ considers all of a plaintiff's impairments in the remaining steps of the disability determination. *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). "In other words, if an ALJ errs by not including a particular impairment as an additional severe impairment in [S]tep [T]wo of his [or her] analysis, the error is harmless as long as the ALJ found at least one severe impairment, continued the sequential analysis, and ultimately addressed all of the claimant's impairments in determining his [or her]

[RFC].” *Flory v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 672, 678-79 (S.D. Ohio 2020) (citing *Meadows v. Comm'r of Soc. Sec.*, No. 1:07-CV-1010, 2008 WL 4911243, at *13 (S.D. Ohio Nov. 13, 2008); *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006)).

In determining that Plaintiff had no severe mental impairments, the ALJ relied on the opinion of Michael A. Lace, Psy.D., who reviewed Plaintiff's medical records and testified at the administrative hearing. Dr. Lace testified that Plaintiff has three medically determinable mental impairments: bipolar disorder, attention-deficit hyperactivity disorder (ADHD), and generalized anxiety disorder. (Doc. #8-8, *PageID* #681). According to Dr. Lace, Plaintiff's impairments do not appear to be severe. *Id.* Further, he opined that Plaintiff has no limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself. *Id.* at 681-82. Although Dr. Lace did not review the opinions of the state agency psychological consultants, he testified that the records he reviewed did not agree with their opinions for several reasons. *Id.* at 683. His reasons, however, appear to be more related to the consultative examiner's opinion. For instance, Dr. Lace noted that the consultative examiner's opinion was "very largely based in self-report, as opposed to presentation …." *Id.* at 686. Additionally, he found that the consultative examiner's opinion was not supported by other data outside of one exhibit. *Id.* at 687 (citing Doc. #8-13, *PageID* #1017). He noted that Plaintiff had "anxiety and depression due to recent family issues and that would be considered situational stress as opposed to mental health issues, per se." *Id.* at 687. He pointed out that other records do not mention anxiety or depression and, instead, document normal mental status. *Id.* He concluded,

6

"there just isn't support for ongoing, intensive, targeted treatment, very little in terms of specialist contact, and so there's just not a lot to support any moderate or marked limitations based on the record." *Id.* at 687.

The ALJ assigned Dr. Lace's opinion "great weight," finding that "it is consistent with and supported by the record as a whole." (Doc. #8-8, *PageID* #658). The ALJ found that Dr. Lace's assessment of no more than mild limitations in mental functioning is supported by the consulting psychologist's findings that Plaintiff "was cooperative, talkative, demonstrated fair eye contact, was fully oriented in all four spheres, seemed relevant, coherent and alert throughout the interview, and displayed intact memory function." *Id.* at 658-59 (citation omitted). Additionally, the ALJ found that Plaintiff's lack of mental health treatment supports Dr. Lace's opinions. *Id.* at 659. Finally, the ALJ concluded that Dr. Lace's criticisms of the opinions of consulting psychologist and the state agency psychological consultants were reasonable. *Id.*

In contrast, the ALJ assigned "little weight" to the opinions of consulting psychologist, Floyd Sours, M.A., and state agency psychologists, Courtney Zeune, Psy.D., and Melanie Bergsten, Ph.D. (Doc. #8-8, *PageID* #s 657-58).

Consulting psychologist, Floyd Sours, M.A., examined Plaintiff in April 2015. (Doc. #8-7, *PageID* #s 629-33). During the consultation, Plaintiff reported that he suffered from depression, anxiety, and panic attacks. *Id.* at 629. Plaintiff indicated that he has gone to Six County Mental Health Center in the past. *Id.* Mr. Sours observed that Plaintiff was neat, clean, and dressed appropriately. *Id.* at 630. He was serious, cooperative, and talkative. *Id.* Plaintiff's eye contact was fair. *Id.* He exhibited a minimal range of emotion and described withdrawal, poor

7

concentration, loss of interest, fatigue, irritability, and poor sleep. *Id*. Mr. Sours also noted that Plaintiff appeared anxious and admitted to unpredictable mood swings, over-ideation associated with sleeplessness, and past behavior problems. *Id.* at 631. He demonstrated at least marginal memory function and reading comprehension, less than marginal insight, and only marginal judgment. *Id.* Mr. Sours diagnosed Plaintiff with unspecified bipolar and related disorder and generalized anxiety disorder. *Id.* at 632. He opined that Plaintiff would have the ability to understand, remember and carry out instructions in a work setting at present; would have mild limitations in his ability to attend and concentrate as he persists and paces himself in the pursuit of simple, repetitive, and multi-step tasks in a work setting; would have limitations on his ability to maintain appropriate behavior in a work setting as he interacts with co-workers and supervisors; and would have limitations on his ability to maintain appropriate behavior under pressure in a work setting. *Id*. at 632-33.

      The ALJ explained that she assigned "little weight" to Mr. Sours' opinion because it was based upon Plaintiff's "subjective complaints rather than objective medical findings." (Doc. #8-8, *PageID* #s 657-58). The ALJ found that Mr. Sours' opinion that Plaintiff would have limitations maintaining appropriate behavior under pressure in a work setting was "not supported by objective findings that [Plaintiff] was cooperative, talkative and maintained fair eye contact during the evaluation." *Id.* (citation omitted). She noted that subsequent mental health treatment records also indicated that Plaintiff actively participated in session and was patient, cooperative, and pleasant. *Id.* at 658 (citation omitted). Finally, the ALJ found that Plaintiff's "lack of mental health treatment shows that this opinion is not supported over time." *Id.*

State agency psychological consultants Courtney Zeune, Psy.D., and Melanie Bergsten, Ph.D., reviewed Plaintiff mental health records in April 2015 and September 2015, respectively. (Doc. #8-3, *PageID* #s 247-56, 273-84). They found that he has two severe mental impairments: affective disorder and anxiety disorder. *Id.* at 251, 278. They determined that Plaintiff has mild restriction of activities of daily living; moderate limitations in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration. *Id.* at 251, 278. They opined that Plaintiff could perform semi-skilled, multistep, and repetitive tasks; could perform tasks without high production quotas or requiring sustained, close attention; should work in a non-public solitary environment without close, over-the-shoulder supervision; should not be expected to maintain a friendly, persuasive demeanor; and should have occasional routine changes explained in advance. *Id.* at 255-56, 282-84.

As noted above, the ALJ assigned "little weight" to the opinions of Dr. Zeune and Dr. Bergsten. (Doc. #8-8, *PageID* #658). She addressed two of their opinions specifically. First, the ALJ observed that, although Dr. Zeune and Dr. Bergsten opined Plaintiff has moderate limitations in maintaining social functioning, Plaintiff did not allege in his initial application that his conditions affect his ability to get along with others. *Id*. Further, Mr. Sours noted that Plaintiff was cooperative and talkative, and his eye contact was fair. Similarly, subsequent mental health counseling records noted he actively participated in session, and was patient, cooperative, and pleasant. *Id*. Second, the ALJ found that, although Drs. Zeune and Bergsten opined Plaintiff has moderate limitations in concentrating, persisting, and maintaining pace, Mr. Sours indicated that

9

Plaintiff was fully oriented in all four spheres and seemed relevant, coherent, and alert through the interview.

Substantial evidence does not support the ALJ's reasons for assigning "little weight" to the opinions of Mr. Sours, Dr. Zeune, and Dr. Bergsten. In discounting their opinions, the ALJ focuses on Plaintiff's presentation during his consultative examination and subsequent mental health counseling. As explained above, she points out that Plaintiff was cooperative, talkative, and pleasant. However, Plaintiff's ability to interact with Mr. Sours or his other healthcare providers for limited periods of time is not necessarily indicative of Plaintiff's ability to work "on a *sustained basis*, which is how functional limitations of mental impairments are to be assessed." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013); *see also Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 794-95 (S.D. Ohio 2017) (citing *Lust v. Comm'r of Soc. Sec.*, No. CIV.A. 10–261, 2010 WL 2773205, at *2 (W.D. Pa. July 13, 2010) (stating that "[f]or purposes of Social Security disability, the ability to perform competitive work on a sustained basis means the ability to work on a regular and continuing basis, i.e., 8 hours a day for 5 days a week or an equivalent schedule")).

Additionally, the ALJ criticizes Mr. Sours for relying on Plaintiff's subjective complaints. However, the ALJ ignores several of Mr. Sours' objective findings. For instance, Mr. Sours noted that Plaintiff was anxious during the interview. (Doc. #8-7, *PageID* #631). In addition, Mr. Sours noted that Plaintiff was unable to interpret a simple saying and was only able to give a partial answer to questions about what to do with an envelope that was found, sealed and addressed with

a stamp. *Id*. Mr. Sours indicated that Plaintiff's responses suggested that he had less than marginal insight and only marginal judgment. *Id*.

Furthermore, although the ALJ addressed Dr. Zeune and Dr. Bergsten's opinion that Plaintiff would have moderate limitations in maintaining social functioning and in concentrating, persisting, and maintaining pace, she did not address their opinions regarding specific limitations. For instance, they opined that occasional routine changes should be explained to Plaintiff in advance. (Doc. #8-3, *PageID* #s 256, 284). They also opined that Plaintiff could perform semi-skilled, multistep, and repetitive tasks. *Id.* at 255, 282. Although the ALJ mentioned these opined limitations when summarizing their opinions, she failed to address them at any point in her decision.

Finally, the ALJ discounts Mr. Sours' opinions because Plaintiff has not engaged in "any significant mental health treatment." (Doc. #8-8, *PageID* #656). However, the Sixth Circuit has "observed that the absence of mental health treatment is not a very sound basis for concluding that no mental impairment exists." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642-43 (6th Cir. 2013) (citing *Boulis–Gasche v. Comm'r of Soc. Sec.,* 451 F. App'x 488, 493 (6th Cir. 2011) (noting that "a claimant's failure to seek formal mental health treatment is hardly probative of whether the claimant suffers from a mental impairment and should not be a determinative factor in a credibility assessment relating to the existence of a mental impairment.") (internal citations and quotation marks omitted)).

Nevertheless, as the Commissioner correctly points out, "[w]hen an ALJ determines that one or more impairments is severe and considers all of a claimant's impairments in the remaining

11

steps of the disability determination, an ALJ's decision to not find additional severe impairments at step two '[d]oes not constitute reversible error.'" (Doc. #11, *PageID* #1201) (quoting *Maziarz*, 837 F.2d at 244). In this case, the ALJ found several severe physical impairments at Step Two. (Doc. #8-8, *PageID* #655). Accordingly, if the ALJ considered all of Plaintiff's impairments, severe and non-severe, in the remaining steps of the disability determination, any error she made at Step Two would not constitute reversible error. *See Maziarz*, 837 F.2d at 244. The Commissioner asserts that the ALJ considered Plaintiff's severe and non-severe impairments in assessing Plaintiff's residual functional capacity. (Doc. #11, *PageID* #s 1201-02).

There is no indication in the ALJ's decision that she considered Plaintiff's mental impairments after her Step Two analysis. *See* Doc. #8-8, *PageID* # 655-66. At Step Four, when assessing Plaintiff's residual functional capacity, the ALJ only discusses Plaintiff's physical impairments. *Id.* at 660-66. Thus, the ALJ failed to determine what impact, if any, Plaintiff's mental impairments have on his ability to perform substantial gainful activity. Furthermore, even if the ALJ determined that Plaintiff's mental impairments do not result in any work-related restrictions, she was "required to state the basis for such conclusion." *Singleton v. Comm'r of Soc. Sec.*, 137 F. Supp. 3d 1028, 1034 (S.D. Ohio 2015) (citing *Katona v. Comm'r of Soc. Sec.,* No. 14–cv–10417, 2015 WL 871617, at *6 (E.D. Mich. Feb. 27, 2015) ("a Step Two analysis is distinct from the ALJ's obligation to consider the impact of Plaintiff's non-severe impairments in addition to and in conjunction with Plaintiff's severe impairments in assessing Plaintiff's RFC.")). Because the ALJ failed at Step Four to consider what work-related limitations, if any, arise from Plaintiff's

12

mental impairments, the undersigned recommends that the ALJ's decision be found unsupported by substantial evidence, and reversed.[4]

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's challenge to the ALJ's evaluation of the treating source opinion is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Statement of Errors (Doc. #9) be **GRANTED;**

2. The Commissioner's non-disability finding be vacated;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any Decision and Entry adopting this Report and Recommendations; and

5. The case be terminated on the Court's docket.

August 2, 2023                              *s/ Peter B. Silvain, Jr.*
                                                                 Peter B. Silvain, Jr.
                                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).